IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JENNIFER FOWLER,

    Plaintiff,

v.                                        Civil Action No. 2:14-5510

KANAWHA VALLEY FINE JEWELRY
AND LOAN LLC, a West Virginia
corporation,

    Defendant.

## COMPLAINT

NOW COMES Plaintiff, Jennifer Fowler, who for her Complaint against Defendant, states as follows:

### Preliminary Statement

1. This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*, ("the ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2. The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3. Venue is proper under 28 U.S.C. §1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4. Plaintiff Jennifer Fowler is a citizen and resident of Charleston, Kanawha County, West Virginia.

1

5. Defendant Kanawha Valley Fine Jewelry and Loan LLC is a West Virginia corporation with its principal office located at 101 MacCorkle Avenue, St. Albans, West Virginia.

6. At all times relevant and material hereto, Defendant owned, operated and maintained its store located in Kanawha City, West Virginia.

7. Defendant's Kanawha City location is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C §12181(7)(e).

## Factual Background

8. On or about August 30, 2013, Plaintiff visited Defendant's store in Kanawha City, which is open to the public.

9. A concrete sidewalk surrounds the store, creating a curb from the parking lot to the store's entrance.

10. There is no curb cut-out or concrete ramp at the entrance to the store.

11. Plaintiff is confined to a wheelchair due to her disabling health problems, including multiple sclerosis.

12. Due to her physical impairments, she is substantially limited in the major life activity of walking.

13. When she arrived at the store, a store employee placed a wooden ramp on the curb in front of the store entrance to aid Plaintiff in entering the store in her wheelchair.

14. When Plaintiff left the store, the ramp was still in place, but this time when she attempted to use it to exit the store, it collapsed beneath her wheelchair, causing her to tip over and fall onto the parking lot.

15. Plaintiff was severely injured due to this accident.

16. In addition to her bodily injuries, Plaintiff's wheelchair was damaged in the accident.

17. This harm was foreseeable.

18. Defendant negligently and carelessly failed to maintain the wooden ramp, causing severe injury to Plaintiff, all without any fault on the part of the Plaintiff.

19. Defendant failed to make its store accessible to persons in wheelchairs.

20. Plaintiff had to seek medical treatment on several occasions due to this accident.

21. In addition, Plaintiff has suffered emotional distress and annoyance and inconvenience as a result of this incident.

### Claims for Relief

### First Claim

### [Negligence]

22. The preceding paragraphs are hereby realleged and incorporated herein.

23. The actions of Defendant toward Plaintiff were negligent in one or more of the following manners:

    (a) failure to maintain its premises in a reasonably safe condition;

    (b) failure to exercise due care in maintenance and inspection of the premises;

    (c) failure to adequately train its personnel in the appropriate methods to inspect and maintain the premises;

    (d) failure to warn of hazards which Defendant knew or should have had knowledge of;

3

(e) failure to exercise due care generally; and

(f) other acts and omissions known or unknown to Plaintiff.

24. As a direct and proximate result of the negligence and carelessness of Defendant as described herein, Plaintiff has suffered injuries, some of which could be permanent in nature.

25. As a direct and proximate result of the negligence and carelessness of Defendant, as described herein, Plaintiff continues to suffer bodily injuries requiring medical treatment and related expenses; physical pain and suffering; mental anguish; emotional distress; a diminution in the ability to enjoy life; as well as other general damages.

26. As a direct and proximate result of the negligence and carelessness of Defendant, as described herein, Plaintiff's electric wheelchair was damaged, causing her additional expenses and inconvenience.

## Second Claim

### [Public Accommodation – Failure to Provide Access – ADA]

27. The preceding paragraphs are hereby realleged and incorporated herein.

28. Title III of the ADA prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

29. Defendant violated the ADA by failing to provide full and equal access to its facility.

30. Plaintiff was injured and denied the full and equal enjoyment of Defendant's facilities by the presence of architectural barriers.

31. Plaintiff has the present intention and desires to return to Defendant's business again, but is prevented from doing so because of the lack of safe wheelchair access.

### Third Claim

### [Public Accommodation – Failure to Remove Barrier – ADA]

32. The preceding paragraphs are hereby realleged and incorporated herein.

33. Defendant violated the ADA by filing to remove architectural barriers to permit access to the store's entrance.

34. Such removal of architectural barriers was readily achievable.

35. Specifically, Defendant could have, *inter alia*, made a curb cut in the sidewalk around the building at the entrance or otherwise installed a safe ramp that complied with the ADA by providing wheelchair access to its facility.

36. This type of modification is easily accomplished and able to be carried out without much difficulty or expense.

37. Plaintiff was injured and denied the full enjoyment of Defendant's facilities due to Defendant's failure to comply with its obligations.

## PRAYER

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

1. That the Court declare that the place of public accommodation at issue in this case is not readily accessible to Plaintiff in violation of the ADA;

2. That the Court enter an Order directing Defendant to alter and renovate the place of accommodation at issue in this case to make it readily accessible and usable by individuals with disabilities to the full extent required by the ADA;

3. That the Court enter an Order directing Defendant to remove architectural barriers at the place of accommodation at issue in this case to make it readily accessible and usable by persons with disabilities to the full extent required by the ADA;

4. Plaintiff be awarded damages against Defendant, in an amount to be determined at trial, that fairly and reasonably compensates her for moneys lost as a result of Defendant's unlawful acts;

5. That Plaintiff be awarded additional damages against Defendant, in an amount to be determined at trial, that fairly and reasonably compensates her for emotional and mental distress, loss of use, aggravation, anxiety, annoyance and inconvenience suffered as a result of Defendant's unlawful acts;

6. That Plaintiff be awarded consequential and incidental damages against Defendant, in an amount to be determined at trial;

7. That Plaintiff be awarded punitive damages against Defendant, in an amount to be determined at trial, for the willful, wanton and/or reckless disregard for her legal rights;

6

8. That Plaintiff be awarded her costs – including a reasonable attorney's fee – pursuant to the ADA, the common law, and the general authority of this Court;

9. That Plaintiff be awarded any and all additional damages against Defendant, in an amount to be determined at trial;

10. That Plaintiff be awarded prejudgment and post-judgment interest on all of the aforementioned damages, as allowed by law; and

11. That Plaintiff be awarded such further and general relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL OF ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**JENNIFER FOWLER**
Plaintiff
By Counsel

Kristina Thomas Whiteaker (State Bar No. 9434)
David L. Grubb (State Bar No. 1498)
THE GRUBB LAW GROUP
1114 Kanawha Boulevard, East
Charleston, WV 25301
304-345-3356 (telephone)
304-345-3355 (facsimile)